UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NIKOLA BOGICEVIC,<br><br>Plaintiff,<br><br>v.<br><br>SEABOURN CRUISE LINE LIMITED,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff NIKOLA BOGICEVIC, by and through his attorneys, Lipcon, Margulies & Winkleman, P.A., and states as follows:

## I. JURISDICTION AND VENUE

1. This claim for damages is for injuries suffered by Plaintiff caused by the negligence of Defendant. Jurisdiction is vested in this court pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 30104, and the general maritime law.

2. Venue is proper in the Western District of Washington because Defendant is subject to the Court's personal jurisdiction with respect to this action in this judicial district per 28 U.S.C. § 1391(b)(1) and (c)(2).

## II. JURY DEMAND

Plaintiff respectfully asks for a jury trial pursuant to Fed. R. Civ. P. 38.

## III. PARTIES

3. Plaintiff NIKOLA BOGICEVIC is a person of the full age of majority and a citizen of Serbia.

4. At all times material, Defendant SEABOURN CRUISE LINE LIMITED is a foreign corporation with its principal place of business at 450 Third Avenue West, Seattle, Washington

98119. Defendant, SEABOURN CRUISE LINE LIMITED may be served with process by serving its registered agent CT Corporation System at 1200 South Pine Island Road, Plantation, Florida 33324.

### IV. FACTS COMMON TO ALL COUNTS

5. On or about January 21, 2020 and April 2, 2020, the Plaintiff was employed by Defendant as a Waiter aboard the *Seabourn Ovation* (the "Vessel"), which was in navigable waters.

6. On or about January 21, 2020 and April 2, 2020, the Plaintiff was the borrowed servant of Defendant, such that Defendant exercised control over the Plaintiff, paid the Plaintiff, furnished equipment necessary for the performance of the Plaintiff's work; and/or had the right to terminate its relationship with the Plaintiff.

7. On or about January 21, 2020, Defendant navigated its transport vessel onto the ocean beach area of Ko Kut Island, instead of the designated dock/pier, to drop of boxes and/or containers of food and beverages.

8. On or about January 21, 2020, while waiters worked on Ko Kut Island, Plaintiff was instructed by Defendant to remove his shoes in order to enter the ocean water and reach Defendant's transport vessel in order to move faster while transporting food and beverages onto the island.

9. Waiters are often forced to do any and every odd job around the location where they work. In addition, the Defendant often fails to properly equip the waiters with the correct and adequate tools to properly and safely complete the numerous jobs they are tasked with completing. Then you add the pressure from the supervisory team who routinely push the

waiters (like Plaintiff) to complete their assignments as fast as possible, even if it means compromising safety to the crew.

10. As a result, Plaintiff sustained multiple injuries while working for the Defendant, including, severe and permanent injuries to his knees.

11. On or about January 21, 2020, Plaintiff sustained a severe injury after performing his duties on Ko Kut Island when his foot sunk into the sand and became stuck as he tried to move.

12. On or about January 21, 2020, Plaintiff was not provided with prompt, proper and adequate medical care after presenting to the *Seabourn Ovation* medical facility.

13. On or about April 2, 2020, Plaintiff sustained a severe injury to his other knee while descending a stairway that was obstructed with tape and/or cords in the only passageway to the crew area.

## V. FIRST CAUSE OF ACTION
## JONES ACT NEGLIGENCE

14. Plaintiff realleges, incorporates by reference, and adopts all preceding paragraphs as though they were originally alleged herein.

15. At all material times, Plaintiff was a Jones Act Seaman employed by Defendants in the position of 'waiter' as a member of the crew aboard the Vessel which was on navigable waters.

16. It was the duty of the Defendant to provide Plaintiff with reasonable care to provide a safe place to work.

17. On or about January 21, 2020 and April 2, 2020, Defendant and/or their agents, servants, and/or employees breached their duty to provide Plaintiff with a reasonably safe place to work.

18. Plaintiff's injuries are due to the fault and negligence of Defendant and/or its agents, servants, and/or employees as follows:

a. Failure to use reasonable care to provide and maintain a reasonably safe place for Plaintiff to work, fit with proper and adequate crew; and/or

b. Failure to promulgate and enforce reasonable rules and regulations to ensure the reasonable safety and health of the Plaintiff, while engaged in the course of his employment on the Defendant's vessel in which he served; and/or

c. Failure to use reasonable care to provide and maintain proper and adequate crew and/or equipment; and/or

d. Failure to warn the Plaintiff and crew of the unreasonably dangerous and hidden threshold or trip hazard on or about the staircase; and/or

e. Failure to adequately warn the Plaintiff and crew of the danger posed by the unreasonably dangerous hidden threshold or trip hazard on or about the staircase; and/or

f. Failure to adequately warn the Plaintiff and crew of the poorly maintained threshold, protrusion, uneven surface, or objects on or about the staircase; and/or

g. Failure to provide the proper crew and/or other device(s) to push, pull, unload or carry heavy objects, especially while on unsteady surface, like sand in the subject case; and/or

h. Failure to provide the Plaintiff with adequate equipment to perform his duties on sand; and/or

i. Failure to have adequate policies and procedures to prevent crew members, like the Plaintiff, from becoming injured while working on sand; and/or

j. Requiring Plaintiff to remove his shoes while working on sand and carrying out duties as a waiter; and/or

k. Failure to provide Plaintiff with proper training and/or supervision with respect to working in an environment which is not solid ground; and/or

l.  Failure to provide adequate manpower to perform the work assigned to Plaintiff; and/or

m.  Failure to provide the Plaintiff with adequate notice of potential hazards; and/or

n.  Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff, while engaged in the course of his employment on the Defendant's vessel on which he served; and/or

o.  Failure to provide Plaintiff a reasonably safe place to work, including adequate equipment to off load supplies; and/or

p.  By providing negligent supervision to the crew, including Plaintiff, by way of supervisors utilizing the power of the chain-of-command to force crew members to perform jobs with the limited tools that they were supplied with, despite the fact that they were almost always inadequately equipped for the job, and without regard for the crew's safety; and by emphasizing and forcing the crew to complete the assigned tasks, again by abusing the power given to them as supervisors, in an expedited manner despite the existence of a safer alternative that would otherwise take more time to complete said tasks; and/or

q.  Defendant(s) have failed to learn and apply the common and well-known principles of industrial ergonomics on board their fleet vessels and the vessel on board which Plaintiff was injured; and/or

r.  Failure to investigate the hazards to Plaintiff before Plaintiff's incident and then take the necessary steps to eliminate the hazards, minimize the hazard of warn Plaintiff of the danger from the hazard; and/or

s.  Failure to perform adequate pre-employment physical(s) on Plaintiff so as to determine the dangers to Plaintiff of working on the vessel; and/or

 t. Defendant(s) use of outmoded work methods and procedures and neglect modern material handling and supply disembarking techniques and protocols; and/or

 u. Defendant(s) made it impossible for the Plaintiff to be able to follow his training and still be able to complete the tasks assigned to him in the time allotted to him for the completion of those tasks. Defendant(s) are having small work crews doing jobs traditionally handled by larger crews; and/or

 v. Failure to use reasonable care to provide Plaintiff a reasonable safe place to work due to: 1) Failure to have adequate medical personnel on board capable of correctly diagnosing the risks Plaintiff faced when he first presented himself to the ship's medical facility seeking care for his symptoms; and/or 2) Failing to provide the Plaintiff adequate tests to determine the cause of his symptoms; and/or 3) Failing to provide the Plaintiff adequate medical care in a timely manner after he first developed his symptoms; and/or 4) Failing to adequately diagnose the Plaintiff's condition when he first reported to the ship's medical facility and each time he returned to the ship's medical department seeking care for his conditions and instead sending the Plaintiff back to work on medication designed to mask his condition; and/or 5) Failing to adequately treat the Plaintiff after he was diagnosed with a medical condition and instead keeping him working and down playing his diagnosis; and/or 6) Failing to adequately treat the Plaintiff after he was diagnosed and instead disembarking him and sending him back to his country of origin; and/or

 w. Failure to provide adequate instruction, and supervision to the Plaintiff and the ship board medical personnel assigned to treat him with respect to what to do when presented with a situation like the one Plaintiff experienced; and/or

x. Failure to provide prompt, proper, and adequate medical care to the Plaintiff each time he sought medical attention for his conditions; and/or

y. Failing to properly diagnose and treat the Plaintiff's conditions as they continued to develop and worsen; and/or

z. Failure to follow sound management practices with the goal of providing Plaintiff a reasonably safe place to work; and/or

aa. Failure to select and utilize competent, skilled and properly trained medical care providers on board and shore side and adequate expertise with which to provide the Plaintiff's with prompt, proper and adequate medical care and to equip the vessels medical facility with proper and adequate medical equipment; and/or

bb. Failure to treat the Plaintiff for the injuries he sustained while conducting his assigned duties, after being put on notice of such conditions; and/or

cc. Failure to select and utilize competent, skilled and properly trained medical care providers, trained in the proper medical specialty to be able to properly diagnose and treat the Plaintiff; and/or

dd. Failure to send Plaintiff to a shore side specialist doctor in a timely manner; and/or

ee. Allowing Plaintiff to return to work after his injury, and/or requiring Plaintiff to work with an injury, and/or allowing Plaintiff to return to work after his injury on medication designed to mask the pain and enable the Plaintiff to condition working with a false sense of wellbeing, and/or requiring Plaintiff to continue to do manual labor while having injuries; and/or

ff. Failure to use reasonable care to make reasonable and periodic inspections of the vessel's policies and procedures relevant to the prevention of incidents of this nature; and/or

gg. Failure to comply with the ISM Code as it relates to sections which include, but are not limited to, requiring that Defendant's safety management system: (1) provide for safe practices in vessel operation and a safe work environment; (2) establish and implement safeguards against all identifiable risks; (3) establish and implement actions to continuously improve safety management skills of personnel ashore and aboard vessels; and/or (4) ensure compliance with mandatory rules and regulations.

19. All or some of the above acts and/or omissions by Defendants and/or its agents, servants, and/or employees caused the Plaintiff severe injuries and/or aggravated Plaintiff's injuries and/or conditions.

20. Defendant knew of the foregoing conditions and did not correct them, or the conditions existed for a sufficient length of time so that the Defendants, in the exercise of reasonable care, should have learned of them and corrected them.

21. As a result of Defendant's negligence, Plaintiff was injured about his body, suffered acute physical pain and suffering, mental anguish, fright, shock, anxiety, reasonable fear of developing future physical and medical problems, suffered loss of enjoyment of life, experienced inconvenience in the normal pursuits and pleasures of life, suffered feelings of economic insecurity caused by his condition, incurred medical expenses, lost wages, and his working ability and earning capacity have been impaired.  These injuries and damages are permanent or continuing in nature and Plaintiff will continue to suffer these losses and impairments in the future.  In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to free food, free shelter, free medical care and vacation.

**WHEREFORE**, Plaintiff demands all damages to which he is entitled by law and demands a jury trial of all issues so triable.

### VI. SECOND CAUSE OF ACTION
### UNSEAWORTHINESS

22. Plaintiff realleges, incorporates by reference, and adopts all preceding paragraphs as though they were originally alleged herein.

23. At all material times, Plaintiff was a Jones Act Seaman employed by Defendant as a member of the crew aboard the Vessel which was on navigable waters.

24. At all material times, Defendants owned, managed, operated, and/or controlled the Vessel to which Plaintiff was assigned to work.

25. Defendants had the absolute non-delegable duty to provide Plaintiff with a seaworthy vessel.

26. On or about January 21, 2020 and April 2, 2020, the unseaworthiness of the Vessel was a legal cause of injury and damage to the Plaintiff by reason of the following:

   a. Defendant's Vessel was unfit for its intended purpose; and/or

   b. The Vessel did not have a fit crew; and/or

   c. Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff, while engaged in the course of his employment on the Vessel on which he served; and/or

   d. Failure to use reasonable care to provide and maintain a reasonably safe place for Plaintiff to work, fit with proper and adequate crew; and/or

   e. Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff, while engaged in the course of his employment on the Vessel on which he served; and/or

f. Failure to use reasonable care to provide Plaintiff with a reasonably safe place to work by reason of the following:

   i. Failure to conduct an adequate background check on all crew members to assure they had no record of prior violent acts; and/or

g. Failure to warn the Claimant and crew of the unreasonably dangerous and hidden threshold and/or trip hazard and/or cords on the staircase; and/or

h. Failure to adequately warn the Claimant and crew of the danger posed by the unreasonably dangerous hidden threshold and/or trip hazard and/or cords on the staircase; and/or

i. Failure to adequately warn the Claimant and crew of the poorly maintained threshold, protrusion, uneven surface, cords and/or objects on or about the staircase; and/or

j. Failure to provide the proper crew and/or other device(s) to push, pull, unload or carry heavy objects; and/or

k. Failure to provide the Claimant with adequate equipment to perform his duties on sand; and/or

l. Failure to have adequate policies and procedures to prevent crew members, like the Claimant, from becoming injured while performing his duties on sand; and/or

m. Requiring Claimant to remove his shoes while working on sand and carrying out duties as a waiter; and/or

n. Failure to provide Claimant with proper training and/or supervision with respect to working in an environment which is not solid ground; and/or

o. Creating a working environment where crewmembers are rushed to complete their duties; and/or

p. Sending Claimant back to work despite being injured; and/or

q. Failure to warn Claimant of the dangers of working with an injury; and/or

r. Failure to properly diagnose and/or treat Claimant's injuries; and/or

s. Failure to provide Claimant with prompt, proper and adequate medical treatment; and/or

t. The vessel was unsafe and unfit due to the conditions created by Respondent as follows: 1) Failure to have adequate medical personnel on board capable of correctly diagnosing the risks Claimant faced when he first presented himself to the ship's medical facility seeking care for his symptoms; and/or 2) Failing to provide the Claimant adequate tests to determine the cause of his symptoms; and/or 3) Failing to provide the Claimant with adequate medical care in a timely manner after he first developed his symptoms; and/or 4) Failing to adequately diagnose the Claimant's condition when he first reported to the ship's medical facility and each time he returned to the ship's medical department seeking care for his conditions and instead sending the Claimant back to work on with medical equipment and medication designed to mask his condition; and/or 5) Failing to adequately treat the Claimant after he was diagnosed with a medical condition and instead keeping him working and down playing his diagnosis; and/or 6) Failing to adequately treat the Claimant after he was diagnosed and instead disembarking him and sending him back to his country of origin; and/or

u. Failing to adequately supply the vessels with the proper equipment and tools necessary for the various tasks expected to be and performed by waiters on board like Claimant; and/or

v. Failure to provide adequate training, instruction, and supervision to crewmembers, and their supervisors on the proper chain of command to follow to air grievances and deal with them in a non-hostile manner; and/or

w. Failure to provide prompt, proper and adequate medical care to the Plaintiff which aggravated his injuries and caused him additional pain, disability, and suffering; and/or

x. Failure to ascertain the cause of prior similar incidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's incident; and/or

y. The vessel's crew was not properly trained, instructed or supervised; and/or

z. Failure to send Plaintiff to a shore side specialist doctor in a timely manner; and/or

aa. Allowing Plaintiff to return to work after his injury, and/or requiring Plaintiff to work with an injury, and/or allowing Plaintiff to return to work after his injury on medication designed to mask the pain and enable the Plaintiff to condition working with a false sense of wellbeing, and/or requiring Plaintiff to continue to do manual labor while having injuries; and/or

bb. Failure to properly manage Plaintiff's medical care after Plaintiff was injured; and/or

cc. Failure to provide prompt, proper, and adequate medical care to the Plaintiff, which aggravated his injuries and caused his additional pain and disability; and/or

dd. The vessel did not have a fit crew.

ee. Failure to comply with the ISM Code as it relates to sections which include, but are not limited to, requiring that Defendant's safety management system: (1) provide for safe practices in vessel operation and a safe work environment; (2) establish and implement safeguards against all identifiable risks; (3) establish and implement actions to continuously improve safety management skills of personnel ashore and aboard vessels; and/or (4) ensure compliance with mandatory rules and regulations.

27. As a result of the unseaworthiness of Defendant's Vessel, Plaintiff was injured about his body, suffered physical pain and suffering, mental anguish, fright, shock, anxiety,

reasonable fear of developing future physical and medical problems, suffered loss of enjoyment of life, experienced inconvenience in the normal pursuits and pleasures of life, suffered feelings of economic insecurity caused by his condition, incurred medical expenses, lost wages, and his working ability and earning capacity have been impaired. These injuries and damages are permanent or continuing in nature and Plaintiff will continue to suffer these losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to free food, free shelter, free medical care, and vacation.

**WHEREFORE**, Plaintiff demands all damages to which he is entitled by law, including punitive damages[1], and demands a jury trial of all issues so triable.

### VII.   THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE MAINTENANCE AND CURE

28. Plaintiff realleges, incorporates by reference, and adopts all preceding paragraphs as though they were originally alleged herein.

29. On or about January 21, 2020 and April 2, 2020, Plaintiff, while in the service of the Vessel as a crewmember, suffered severe injuries.

30. Under the General Maritime Law and by operation of treaty, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant, until he is unequivocally declared to have reached maximum possible cure. This includes unearned wages (regular wages and overtime), which are reasonably anticipated to the end of the contract or voyage whichever is longer.

---

[1] Pursuant to the 9th Cir. case of *Batterton v. Dutra Grp.*, 880 F.3d 1089 (9th Cir. 2018). Plaintiff will make a prima facie showing of entitlement to punitive damages to the Court.

31. Under General Maritime Law and by operation of treaty, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant until he is declared to have reached maximum possible cure or maximum possible improvement. This includes unearned wages (regular wages, overtime, vacation pay and tips), which are reasonably anticipated, to the end of the contract or voyage, whichever is longer. Maintenance and cure is an ongoing obligation of the Defendant from the date of the Plaintiff's injury up through trial and at times beyond as Plaintiffs are allowed to bring serial lawsuits for maintenance and cure purposes. Although maintenance and cure can be properly terminated at the point when the crew member reaches Maximum Medical Improvement (MMI) and/or Maximum Medical Cure (MMC), it must be reinstated if the Plaintiff suffers a relapse of his condition that once again requires treatment to return the Plaintiff to an MMI/MMC status or if a cure becomes available that was not available to the Plaintiff at the time of the declaration of MMI/MMC. In addition, if an MMI/MMC declaration is challenged by another physician the conflict must be resolved in favor of the crew member receiving the additional care (treatment)/cure that is recommended.

32. Defendant failed to provide Plaintiff with prompt, proper and adequate medical care for his severe injuries.

33. Defendant willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and cure so that Plaintiff became obligated to pay the undersigned a reasonable attorney's fee. In addition, when they did pay maintenance and cure, Defendant was late in payment.

34. Defendant's failure to pay Plaintiff's maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff

would be entitled to attorney's fees under the General Maritime Law of the United States. Further, Defendant unreasonably failed to pay or provide Plaintiff with maintenance and cure, which aggravated his condition and caused Plaintiff to suffer additional compensatory damages, including, but not limited to, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity, as well as lost earning or earning capacity, and medical and hospital expenses in the past and into the future.

35. Defendant failed to provide Plaintiff with timely maintenance and cure benefits.

36. Defendant failed to make adequate arrangements for the advance payment of Plaintiff's medical care in full, effectively requiring Plaintiff to advance payment to receive medical care.

37. Defendant failed to provide Plaintiff with reasonable and adequate accommodations and provision of medical treatment, which have exacerbated his injuries.

38. Defendant failed to promptly authorize and/or provide medical care for Plaintiff.

39. Defendant failed to promptly and/or completely reimburse Plaintiff for medical expenses which he was required to advance.

40. Defendant willfully and callously delayed, failed and refused to provide and pay Plaintiff's entire maintenance and cure so that Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

41. Defendant's failure to provide Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's medical needs and legal rights as a seaman. As such, Plaintiff would be entitled to recover punitive damages and reasonable attorneys' fees under the General Maritime Law of the United States.

Further, Defendant unreasonably failed to pay or provide Plaintiff with maintenance and cure which made it impossible for his to restore full function to his injured hand, aggravated his condition, worsened his injuries, and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical and/or mental injuries, disability, physical pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, fright, shock, anxiety, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

**WHEREFORE**, Plaintiff demands all damages to which he is entitled by law, including punitive damages[2] and attorneys' fees and demands a jury trial of all issues so triable.

### VIII.   FOURTH CAUSE OF ACTION
### FAILURE TO TREAT

42. Plaintiff realleges, incorporates by reference, and adopts all preceding paragraphs as though they were originally alleged herein.

43. On or about January 21, 2020 and April 2, 2020, Plaintiff, while in the service of the Vessel as a crewmember, suffered severe injuries.

44. It was the duty of Defendants to provide Plaintiff with prompt, proper and adequate medical care following the subject incident.

45. Defendants negligently failed to promptly provide Plaintiff with prompt, proper, adequate, and complete medical care.  This conduct includes, but is not limited to:

---

[2] Pursuant to the U.S. Supreme Court case of *Atlantic Sounding Co., Inc., et al. v. Townsend*, 557 U.S. 404 (2009).  Plaintiff will make a prima facie showing of entitlement to punitive damages to the Court.

a. Defendant not providing Plaintiff with prompt, proper, and/or adequate medical care after the subject incident on board the Vessel; and/or

b. Failure to select and utilize competent, skilled and properly trained medical care providers, trained in the proper medical specialty to be able to properly diagnose and treat the Plaintiff; and/or

c. Failure to send Plaintiff to a shore side specialist doctor in a timely manner; and/or

d. Allowing Plaintiff to return to work after his injury, and/or requiring Plaintiff to work with an injury, and/or allowing Plaintiff to return to work after his injury on medication designed to mask the pain and enable the Plaintiff to condition working with a false sense of wellbeing, and/or requiring Plaintiff to continue to do manual labor while having injuries; and/or

e. Failure to properly manage Plaintiff's medical care after Plaintiff was injured and up to the time when he was declared at maximum medical improvement; and/or

f. Denying Plaintiff's demand(s) for treatment and payment of medical bills.

46. As a direct and proximate result of Defendants failure, Plaintiff suffered additional physical pain, disability, his medical condition worsened, and Plaintiff's recovery was prolonged.

47. In addition, Plaintiff suffered injury to his body, suffered physical pain and suffering, mental anguish, fright, shock, anxiety, reasonable fear of developing future physical and medical problems, suffered loss of enjoyment of life, experienced inconvenience in the normal pursuits and pleasures of life, suffered feelings of economic insecurity caused by his condition, incurred medical expenses, lost wages, and his working ability and earning capacity have been impaired.  These injuries and damages are permanent or

continuing in nature and Plaintiff will continue to suffer these losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found.

48. This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

**WHEREFORE**, Plaintiff demands all damages to which he is entitled by law and demands a jury trial of all issues so triable.

DATED this 22nd day of November, 2021.

> **LIPCON, MARGULIES,**
> **& WINKLEMAN, P.A.**
> *Attorneys for Plaintiff*
> One Biscayne Tower, Suite 1776
> 2 South Biscayne Boulevard
> Miami, FL 33131
> 305.373.3016 (T)
> 305.373.6204 (F)
>
> By:   */s/ Jason R. Margulies*
>     JASON R. MARGULIES
>     WSBA #54741
>     jmargulies@lipcon.com